EXHIBIT A

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2017 MAR 23 P 1:57

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

RECEIVED
MAY 18 2017
LEGAL DEPT
RICHMOND VA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Capital One Bank (USA), N.A., and DOES 1 to 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mayra Donayre, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Ct. of CA, County of San Diego

CASE NUMBER:
*(Número del Caso):*
**37-2017-00011146-CL-MC-CTL**

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Yana Hart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego; 619-233-7770

| DATE: *(Fecha)* MAR 2 0 2017 MAR 2 9 2017 | Clerk, by *(Secretario)* B. Dixon-Cosby | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Yana Hart, Esq. (SBN: 306499); Joshua Swigart, Esq. (SBN: 225557)<br>Hyde & Swigart<br>2221 Camino Del Rio South, Suite 101, San Diego, CA 92108 | FILED<br>CIVIL BUSINESS OFFICE 10<br>CENTRAL DIVISION<br><br>2017 MAR 23 P 1: 57<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

TELEPHONE NO.: 619-233-7770     FAX NO.: 619-297-1022
ATTORNEY FOR *(Name)*: Plaintiff Mayra Donayre

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Mayra Donayre v. Capital One Bank (USA), N.A., and DOES 1-25

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2017-00011146-CL-MC-CTL<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 4; Violations of 47 U.S.C.§227, Cal. Civ. Code §§1788-1788.32, Negligence
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 03/20/2017

Yana Hart
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |



**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Additional Attorney for Plaintiff
on Signature Page

*Attorneys for Plaintiff,*
Mayra Donayre

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2017 MAR 23 P 1: 57

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | |
|---|---|
| MAYRA DONAYRE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A., and DOES 1 TO 25, inclusive,<br><br>Defendant. | Case No: **37-2017-00011146-CL-MC-CTL**<br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>1. **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>2. **WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.**<br>3. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br>4. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED**<br><br>**LIMITED CASE UNDER $25,000.000** |

## INTRODUCTION

1.  MAYRA DONAYRE, ("Plaintiff"), through Plaintiff's attorneys, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Capital One Bank (USA), N.A. ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephones using an automatic telephone dialing system after notification of representation and revocation of consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788-1788.32, and negligence, thereby invading Plaintiff's privacy.  Plaintiff allege as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.  The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the

call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.   Furthermore, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1   collection practices are not competitively disadvantaged, and to promote
2   consistent State action to protect consumers against debt collection abuses.

3   7.   The California legislature has determined that the banking and credit system
4        and grantors of credit to consumers are dependent upon the collection of just
5        and owing debts and that unfair or deception collection practices undermine
6        the public confidence that is essential to the continued function of the banking
7        and credit system and sound extension of credit to consumers.   In enacting
8        RFDCPA, the Legislature has determined that there is a need to ensure that
9        debt collectors exercise this responsibility with fairness, honesty, and due
10       regard for the debtor's rights and that debt collectors must be prohibited from
11       engaging in unfair or deceptive acts or practices, and prohibiting debt
12       collectors from contacting represented consumers.

13   8.   While many violations are described below with specificity, this Complaint
14        alleges violations of the statutes cited in their entirety.

15   9.   Unless otherwise stated, all the conduct engaged in by Defendant took place
16        in the State of California.

17   10.  Any violation by Defendant was knowing, willful, and intentional, and
18        Defendant did not maintain procedures reasonably adapted to avoid any such
19        violation.

20   11.  Unless otherwise indicated, the use of Defendant's name in this Complaint
21        includes all agents, employees, officers, members, directors, heirs, successors,
22        assigns, principals, trustees, sureties, subrogees, representatives, and insurers
23        of Defendant's named.

24                        **JURISDICTION AND VENUE**

25   12.  Jurisdiction of this Court arises pursuant to general state jurisdiction over
26        state-related matters.  *See* Cal. Civ. Code §§ 1788.30 (f) and 1714.

27   13.  Jurisdiction of this Court is also proper for the TCPA claims because the state
28        court has concurrent jurisdiction.  *See Cianci v. Superior Court,* (1985) 40

Cal. 3d. 903, 907 (holding that state courts have concurrent jurisdiction over federal matters where neither the statutory language nor legislative history of claims indicate federal exclusivity over the matter).

14. This action arises out of Defendant's violations of the TCPA, 47 U.S.C. § 227 et seq., ("TCPA"), the RFDCPA, Cal. Civ. Code § 1788-1788.32, and negligence.

15. Because Defendant regularly and continuously does business within the State of California, personal jurisdiction is established. Furthermore, the cause of action arises out of unwanted and unwelcomed telephone calls made directly to a represented party, in the City and County of San Diego, State of California.

16. Defendant regularly attempts to collect alleged debts against consumers in San Diego County by making phone calls to consumers, as Defendant did to Plaintiff as well.

17. Defendant made unwanted calls to Plaintiff where it had no permission to do so and in fact was expressly advised to cease all of its telephone calls, and therefore failed to comply with federal and state laws.

18. Venue is proper under state law under Cal Code of Civil Procedure § 395 because the injury to Plaintiff occurred, and is occurring, in the City and County of San Diego, State of California. Furthermore, Defendant is subject to liabilities in the City and County of San Diego, State of California, where it willfully and knowingly made unwanted and unconsented autodialed telephone calls to Plaintiff.

## PARTIES

19. At all material times hereto, Plaintiff was and is a resident in the City of San Diego, State of California.

20. Plaintiff is, and at all times mentioned herein was, "persons" as defined by 47 U.S.C. § 153 (39), from whom a debt collector sought to collect a consumer

1    debt which was due and owing or alleged to be due and owing from Plaintiff,
2    and is a debtor as that term is defined by California Civil Code § 1788.2(h).

3  21.  Plaintiff is informed and believes, and thereon alleges, that Defendant is, and
4        at all times mentioned herein was, a national bank with principal place of
5        business in Richmond, Virginia, and multiple branches, subsidiaries, and
6        offices throughout United States.

7  22.  Defendant, is and at all times mentioned herein was, a national association,
8        and is a "person," as defined by 47 U.S.C. § 153 (39).

9  23.  Defendant, in the ordinary course of business, regularly, on behalf of itself, or
10        others, engages in debt collection as that term is defined by California Civil
11        Code § 1788.2(b), and is therefore a "debt collector" as defined in California
12        Civil Code § 1788.2(c) and a "person" as defined by Cal. Civ. Code §
13        1788.2(g).

14  24.  This case involves money, property, or their equivalent, due or owing or
15        alleged to be due or owing from a natural person by reason of a consumer
16        credit transaction. As such, this action arises out of a consumer debt and
17        "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18  25.  The true names and capacities, whether individual, corporate (including
19        officers and directors thereof), associate or otherwise of Defendant sued
20        herein as DOES 1 through 25, inclusive, are unknown to Plaintiff, who
21        therefore sues these Defendants by such fictitious names, pursuant to the
22        California Civil Procedure Code § 474.   Plaintiff is informed and believes,
23        and thereon alleges that each Defendant designated as a DOE is involved in or
24        is in some manner responsible as a principal, beneficiary, agent, co-
25        conspirator, joint venturer, alter ego, third-party beneficiary, or otherwise, for
26        the agreements, transactions, events and/or acts hereinafter described, and
27        thereby proximately caused injuries and damages to Plaintiff.   Plaintiff
28        request that when the true names and capacities of these DOE Defendants are

HYDE & SWIGART
Consumer Protection Attorneys

1    ascertained, they may be inserted in all subsequent proceedings, and that this

2    action may proceed against them under their true names.

3                                    FACTUAL ALLEGATIONS

4    26.   Sometime prior to January, 2017, Plaintiff allegedly incurred consumer debt

5          to Defendant.  As it is irrelevant to this action, Plaintiff currently takes no

6          position as to whether or not this alleged debt was actually owed.

7    27.   On January 12, 2017, the BLC Law Center ("BLC") with Plaintiff's

8          authorization and on Plaintiff's behalf, faxed a cease and desist letter to

9          Defendant informing Defendant of the following:

11               Please be advised that Ms. Donayre has retained
                 Bankruptcy Law Center, APC . . .
12

13               Demand is now made pursuant to Cal. Civ. Code §§
                 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you
14               cease and desist any and all future communications on
                 any and all accounts associated with Ms. Donayre. This
15               letter constitutes written notice pursuant to Cal. Civ.
                 Code §§ 1788.14(c) that Mayra Donayre are
16               represented by Bankruptcy LawCenter, APC with
                 respect to any debt allegedly owed to Capital One and
17               request is hereby made that all communications
                 regarding this alleged consumer debt shall be directed
18               exclusively to Bankruptcy Law Center, APC subsequent
                 to 01/12/2017.
19

21

22   28.   Nevertheless, despite Plaintiff's and BLC's request to cease and desist any

23         direct communication with Plaintiff, Defendant continued calling Plaintiff on

24         to Plaintiff's cellular telephone on daily basis, generally twice a day.

25   29.   Defendant called Plaintiff's cellular phone on January 14, 2017 at 9:48 am

26         and 12:14 pm, on January 16, 2017 at 8:38 am and 11:44 am, on January 17,

27         2017 at 11:47 am, on January 18, 2017 at 8:19 am, and on January 19, 2017 at

28         10:45 am, to Plaintiff's cellular phone ending with "3373."

HYDE & SWIGART
Consumer Protection Attorneys

30. Upon information and belief, Defendant made calls by using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1).

31. Defendant's use of an ATDS is further evidenced by continuous calling despite Plaintiff's cease and desist correspondence, and automatic and/or computerized dial-in of calls in the morning around 8 or 9 am, and early afternoon at around 11 am or 12 pm.

32. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. At all material times hereto, Defendant did not have a "prior express consent" to place autodialed calls to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A)

34. Plaintiff had never given Defendant any consent to receive calls on her cellular phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

35. Furthermore, if any consent was ever given, was revoked through BLC's and Plaintiff's facsimile correspondence on January 12, 2017.

36. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

37. Plaintiff was personally affected because she was frustrated and distressed that Defendant repeatedly called Plaintiff's cellular telephone at least twice a day, without any prior consent despite Plaintiff specifically requesting that Defendant ceases all direct communications with Plaintiff.

38. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

39. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

40. The calls from Defendant came from phone numbers including, but not limited to, (800)-308-6976.

41. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

42. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b) (1).

44. Under Cal. Civ. Code § 1788.14(c), debt collectors are not to initiate communications in regard to the consumer debt with a consumer when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt.

45. The RFDCPA "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debt." *See* Cal. Civl. Code § 1788.1.

46. Furthermore, by continuing to call Plaintiff directly regarding this alleged debt, despite BLC's correspondence to cease and desist any communication with Plaintiff, Defendant violated Cal. Civ. Code 1788.17 through incorporation of 15 U.S.C. § 1692d and 1692d(5) by engaging in conduct Defendant the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt.

47. Defendant also violated Cal. Civ. §§ 1788.11(e), 1788.14(c), and Cal. Civ. Code 1788.17 through incorporation of 15 U.S.C. §§ 1692c(a)(2) and

HYDE & SWIGART
Consumer Protection Attorneys

1    1692c(c), by contacting a represented party directly despite Plaintiff's and
2    BLC's cease and desist request.

3  48.  When individuals seek attorneys to represent them in cases such as these, they
4    trust attorneys to handle their legal matters. When companies, like Defendant,
5    attempt to communicate with an individual who has representation, it
6    significantly undermines the attorney-client relationship, especially where the
7    attorney of record and the client specifically requested to cease all debt-
8    related communications.

9  49.  Defendant completely disregarded and ignored Plaintiff's and BLC's request
10   to cease all communications, attempting to collect debt from Plaintiff directly
11   while knowing that Plaintiff was represented.

12 50.  Defendant further violated Cal. Civ. Code 1788.17 through incorporation of
13   15 U.S.C. § 1692f by using unfair and unconscionable means in connection
14   with the collection of a debt by contacting a represented party directly despite
15   BLC's cease and desist correspondence.

16 51.  As a direct and proximate result of Defendant's unfair, unlawful, oppressive,
17   and abusive collection practices, Plaintiff has suffered mental anguish by way
18   of embarrassment, shame, anxiety, fear, and feelings of despair over the fact
19   that Defendant's unlawful collection efforts.

20              FIRST CAUSE OF ACTION
21            NEGLIGENT VIOLATIONS OF THE
22     TELEPHONE CONSUMER PROTECTION ACT (TCPA)
23              47 U.S.C. § 227

24 52.  Plaintiff repeats, re-alleges, and incorporates by reference, all of the above
25   paragraphs of this Complaint as though fully stated herein.

26 53.  The foregoing acts and omissions constitute numerous and multiple violations
27   of the TCPA, including but not limited to each and every one of the above-
28   cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

HYDE & SWIGART
Consumer Protection Attorneys

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227**

56. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**THIRD CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

65. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

67. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE**

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

69. Defendant owed a duty of care to Plaintiff to cease any direct communications with Plaintiff upon BLC's cease and desist correspondence, to reasonably protect Plaintiff's privacy rights, and to avoid placing repeated unwanted calls to Plaintiff.

70. Defendant negligently failed to take affirmative steps to cease and desist any direct communication with Plaintiff, and to avoid making repeated unwanted and unauthorized autodialed telephone calls for the purpose of collecting debt from Plaintiff.

71. Defendant's conduct proximately caused injuries to Plaintiff.

72. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

73. Plaintiff believes and alleges that Defendant's repeated autodialed debt-collection calls to Plaintiff constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

FIRST CAUSE OF ACTION

NEGLIGENT VIOLATIONS OF THE

TELEPHONE CONSUMER PROTECTION ACT (TCPA)

47 U.S.C. § 227

- An award of actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs; and,
- Any other relief the Court may deem just and proper.

SECOND CAUSE OF ACTION

KNOWING AND/OR WILLFUL VIOLATIONS OF THE

TELEPHONE CONSUMER PROTECTION ACT (TCPA)

47 U.S.C. § 227

- An award of actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs; and,
- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a) and negligence;
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Punitive damages; and,
- Any other relief the Court may deem just and proper

### FOURTH CAUSE OF ACTION
### NEGLIGENCE

- Actual damages in an amount to be proven at trial;
- An award of punitive damages, in an amount to be adduced at trial, from Defendant; and
- Punitive damages;
- any and all other relief that this Court deems just and proper.

///
///
///
///
///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

72.   Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: March 13, 2017                    By: _____

Yana A. Hart, Esq.
yana@westcoastlitigation.com
Attorney for Plaintiff

<u>Additional Attorney for Plaintiff:</u>

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00011146-CL-MC-CTL          CASE TITLE: Donayre vs Capital One Bank USA NA [Imaged]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
                **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
                **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
                **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7075 | |

| PLAINTIFF(S) / PETITIONER(S): Mayra Donayre |
|---|
| DEFENDANT(S) / RESPONDENT(S): Capital One Bank USA NA |
| DONAYRE VS CAPITAL ONE BANK USA NA [IMAGED] |

| NOTICE OF CASE ASSIGNMENT<br>and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2017-00011146-CL-MC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Richard E. L. Strauss                          Department: C-75

**COMPLAINT/PETITION FILED:** 03/23/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/05/2018 | 10:00 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.